IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TERRANCE GEORGE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 318-029 |
| | ) | |
| STACEY N. STONE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, a federal inmate currently incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2241. Having considered all the relevant pleadings, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's Motion to Dismiss (doc. no. 10) be **GRANTED**, the petition be **DISMISSED** without prejudice, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

I. **BACKGROUND**

On April 20, 2016, United States Immigration and Customs Enforcement ("ICE") took custody of Petitioner at the Krome Detention Center in Miami, Florida. (Johnson Decl., doc. no. 10-2, ¶ 3; doc. no. 10-2, Attch. 1.) The grand jury for the Southern District of Florida indicted Petitioner for Illegal Reentry on May 9, 2016. (Johnson Decl. ¶ 4; doc. no. 10-2, Attch. 2.) On May 13, 2016, after the indictment was returned, ICE turned Petitioner over to U.S. Marshal custody pending trial. (Johnson Decl. ¶ 3; doc. no. 10-2, Attch. 1.) On

August 19, 2016, United States District Judge Ursula Ungaro sentenced Petitioner to thirty-months in prison for his offense. (Johnson Decl. ¶ 4; doc. no. 10-2, Attch. 3.)

Petitioner filed the present motion contending he has not been credited for the twenty-three days he spent in U.S. Coast Guard and ICE custody. (Doc. no. 1, p. 3; doc. no. 2.) Respondents move for dismissal on the basis Petitioner failed to exhaust his remedies by failing to submit a BP-11 appeal. (Doc. no. 10, pp. 3-6.) The Court agrees and **GRANTS** the motion, as explained below.

## II. DISCUSSION

### A. The Exhaustion Requirement

Prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements. Santiago-Lugo v. Warden, 785 F.3d 467, 474-75 (11th Cir. 2015); Davis v. Warden, FCC Coleman-USP I, 661 F. App'x 561, 562 (11th Cir. 2016). Although exhaustion of administrative remedies is not a jurisdictional requirement in a § 2241 proceeding, "that does not mean that courts may disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense." Santiago-Lugo, 785 F.3d at 474-75. However, "a court may skip over the exhaustion issue if it is easier to deny . . . the petition on the merits without reaching the exhaustion question." Id. at 475 (citation omitted).

The Eleventh Circuit has held there is no futility exception to the requirement to exhaust administrative remedies under § 2241. McGee v. Warden, FDC Miami, 487 F. App'x 516, 518 (11th Cir. 2012). However, in determining that no futility exception is available, the court relied on the jurisdictional nature of the exhaustion requirement for §

2241 petitions. Id. Since the court held in Santiago-Lugo the exhaustion requirement is not jurisdictional for § 2241 petitions, the court has not again addressed whether a futility exception exists. Regardless, courts which apply a futility exception do so in only "extraordinary circumstances," and require the petitioner to "bear[] the burden of demonstrating the futility of administrative review." Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (*per curiam*); see also Jones v. Zenk, 495 F. Supp. 2d 1289, 1297, 1299-1300 (N.D. Ga. July 6, 2007) (applying futility exception where BOP predetermined by rulemaking issue Petitioner challenged).

### B. Legal Standard for Exhaustion

Where, as here, Defendant has filed a motion to dismiss based on failure to exhaust administrative remedies, the Eleventh Circuit has laid out a two-step process for courts to use in resolving such motions. First, the Court looks to the factual allegations made by both parties, taking the petitioner's version as true where they conflict, and if in that light the complaint is subject to dismissal for failure to exhaust administrative remedies, Defendant's motion will be granted. Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir. 2008) (citations omitted), *cert. denied*, 555 U.S. 1074 (2008)).

If the petition is not subject to dismissal at the first step, then at step two the Court makes specific findings to resolve the disputed factual issues, with Defendant bearing the burden of proving Plaintiff has failed to exhaust his administrative remedies. Id. Based on its findings as to the disputed factual issues, the Court determines whether the prisoner has exhausted his available administrative remedies and thus whether the motion to dismiss should be granted. Id. Because exhaustion "is treated as a matter of abatement and not an

3

adjudication on the merits, it is proper for a judge to consider facts outside the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Bryant v. Rich, 530 F.3d 1368, 1376 (11th Cir. 2008) (citations omitted).

### C. BOP Administrative Remedy Program

The BOP Administrative Remedy Program allows an inmate to seek formal review of any issue related to his confinement. 28 C.F.R. § 542.10. An inmate must first attempt to resolve the issue informally. 28 C.F.R. § 542.13(a). Should the inmate be unable to resolve the issue informally, he must file a formal written Administrative Remedy Request on the appropriate BP-9 form within twenty calendar days of the basis for the Request. 28 C.F.R. § 542.14. If an inmate is dissatisfied with the Warden's response to his BP-9 Request, he must submit a BP-10 Appeal to the Regional Director within twenty calendar days of the Warden's signed response. 28 C.F.R. § 542.15. If the inmate is dissatisfied with the Regional Director's response, he must submit a BP-11 Appeal, along with one complete copy of the institutional and regional filings and responses, to the General Counsel in the Central Office within thirty days of the Regional Director's signed response. Id. Once the inmate receives a response from the General Counsel, he has completed the administrative remedy process. Id.

### D. Petitioner Failed to Exhaust His Administrative Remedies

Petitioner claims he "has exhausted all of his Administrative Remedies, although he has never received a response from Washington." (Doc. no. 2, p. 1.) However, BOP records show while Petitioner submitted a BP-10 Appeal, he submitted no other administrative

4

remedies at any other level. (Dykes Decl., doc. no. 10-1, ¶¶ 6, 8; doc. no. 10-1, Attch. 2.) Moreover, while Petitioner attached documentation of his grievances and appeals through and including his Regional Administrative Remedy Appeal (BP-10 Appeal), he provided no proof he appealed the BP-10 decision to BOP General Counsel via a BP-11 Appeal. (Doc. no. 2, pp. 6-13.) Because Petitioner offers no tangible proof to support his assertion he filed a BP-11 appeal, he failed to exhaust his administrative remedies. Furthermore, even if the futility exception is available in the § 2241 context, Petitioner has alleged no "extraordinary circumstances" showing exhaustion would be futile, and thus, his petition should be dismissed. Santiago-Lugo, 785 F.3d at 475; McGee, 487 F. App'x at 518.

### E. Petitioner Is Not Entitled to the Jail Credit He Seeks

Even if Petitioner had properly exhausted his administrative remedies, he is not entitled to the jail credit he seeks. The issue Petitioner raises concerning the computation of his sentence is governed by 18 U.S.C. § 3585 and Program Statement ("PS") 5880.28 of the Sentence Computation Manual (CCCA of 1984). The relevant portion of 18 U.S.C. § 3585 provides as follows:

> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

5

This code section establishes two principles of sentence crediting. First, to qualify for a credit, the defendant must have served the time as a result of either the offense underlying the sentence or an offense for which the defendant was arrested after commission of the underlying offense. 18 U.S.C. § 3585(b)(1)-(2).

Second, under no circumstances may a defendant receive double credit for time served prior to sentencing. Section 3585 expresses this principle in two ways, first by providing that a defendant shall receive credit for "any time he has spent in official detention prior to the date the sentence commences." Id. § 3585(b). A defendant must therefore receive credit equal to, but not more or less than, the time in detention prior to sentencing. Section 3585 also provides that a defendant is ineligible for a credit to the extent time in detention has "been credited against another sentence." Id. In sum, when read together, these components of § 3585 provide that one day in presentence detention equals one day of credit that can be applied only once.

"In enacting section 3585(b), 'Congress made clear that a defendant could not receive a double credit for his detention time.'" Rey v. Warden, FCC Coleman-Low, 359 F. App'x 88, 90 (11th Cir. 2009) (*per curiam*) (citing United States v. Wilson, 503 U.S. 329, 336-37 (1992)). PS 5880.28 similarly provides that "[c]redit will be given for time spent in official detention as a direct result of the federal offense for which the federal sentence was imposed . . . provided it has not been credited against another sentence." PS 5580.28, p. 1-16, *available at* www.bop.gov/policy/progstat/5880_028.pdf (last visited Jan. 31, 2018).[1]

---

[1] The Supreme Court has instructed lower courts that this PS is entitled to at least "some deference." Reno v. Koray, 515 U.S. 50, 61 (1995).

Petitioner seeks credit for the twenty-three days he spent in U.S. Coast Guard and ICE custody. (Doc. nos. 1, 2.) Petitioner has already received credit against his federal sentence for the period of time from May 9, 2016, when he was indicted, through May 13, 2016, when he was remanded to the custody of the U.S. Marshals to await trial. (Johnson Decl., doc. no. 10-2, ¶ 5; doc. no. 10-2, Attch. 4.) As the time from May 9, 2016, through May 13, 2016, was already credited against Petitioner's federal sentence, he is not entitled to double credit for that time.

As to the time from April 20, 2016 through May 8, 2016, Petitioner is not entitled to credit either. Time spent in custody pending a civil deportation determination does not qualify as time in "official detention" and thus does not result in a credit under § 3585. Indeed, PS 5880.28, which implements the congressional mandate of 18 U.S.C. § 3585(b), provides:

> Official detention does not include time spent in the custody of the U.S. Immigration and Naturalization Service (INS)[2] under the provisions of 8 U.S.C. § 1252 pending a final determination of deportability. An inmate being held by <u>INS pending a civil deportation determination is not being held in "official detention" pending criminal charges.</u> (citations omitted).

PS 5880.28, p. 1–15A.

Similarly, this Circuit has determined deportation proceedings are civil, rather than criminal, in nature. United States v. Noel, 231 F.3d 833, 836-37 (11th Cir. 2000) (*per*

---

[2]Pursuant to a 2003 reorganization of the Department of Homeland Security, the former INS merged with elements of the United States Customs Service to create ICE. See www.cpb.gov/about/history/timeline-static-view (last visited July 19, 2018).

*curiam*); Barthold v. United States INS, 517 F.2d 689, 691 (5th Cir. 1975).[3] In Noel, the Eleventh Circuit acknowledged that time spent in ICE administrative custody is not spent "pending a civil deportation determination" where the detention is a "mere ruse[] to detain a defendant for later criminal prosecution." Noel, 231 F.3d at 836. However, this exception "should only be applied when 'the defendant demonstrates that the primary or exclusive purpose of the civil detention was to hold him for future criminal prosecution.'" Id. (citing United States v. De La Pena-Juarez, 214 F.3d 594, 598 (5th Cir. 2000)).

It is undisputed Petitioner was in ICE custody for civil deportation proceedings from April 20, 2016, until his transfer to the Southern District of Florida to face the charges in the indictment dated May 9, 2016. (Johnson Decl. ¶ 7; doc. no. 10-2, Attch. 1.) Nothing suggests this time period of less than a month was excessive or otherwise would exceed the time needed to effectuate a deportation, let alone that the detention during this time period was a ruse merely to hold him to face the illegal reentry charges in the Southern District of Florida. In sum, Petitioner was not held in "official detention" from April 20, 201, through May 8, 2016, and he is not entitled to the jail credit he seeks.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Respondent's Motion to Dismiss (doc. no. 10) be **GRANTED**, the petition be **DISMISSED** without prejudice, this civil action be **CLOSED**, and a final judgment be **ENTERED** in

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down by the close of business on September 30, 1981.

8

favor of Respondent.

SO REPORTED and RECOMMENDED this 19th day of July, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA